# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David J. Riffle, Respondent Below,**
**Petitioner**

**vs) No. 14-0042** (Harrison County 12-D-459-5)

**Shirley I. Miller, Petitioner Below,**
**Respondent**

**FILED**

November 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David J. Riffle, by counsel Jerry Blair, appeals the Circuit Court of Harrison County's October 30, 2013, order reversing the family court's entry of a mutual restraining order in the divorce proceedings below. *Pro se* respondent Shirley I. Miller filed a response. On appeal, petitioner alleges that the circuit court erred in overturning the mutual restraining order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent were married in Harrison County in December of 1988. Thereafter, in August of 2012, petitioner filed a petition for divorce in the Family Court of Harrison County. That same month, petitioner filed a petition for domestic violence protection in the family court after which an emergency protective order was issued. However, in October of 2012, the family court issued an order terminating the protective order because the parties, by counsel, reached a temporary agreement in the underlying divorce action. Further, the family court issued a mutual no contact order preventing either party from contacting or otherwise communicating with the other party. In the order, the family court also directed the pending domestic violence case be dismissed.

In November of 2012, the family court entered a mutual restraining order. Thereafter, the family court held a final hearing on the divorce petition in January of 2013. By order entered on February 19, 2013, the family court entered its "Agreed Final Decree of Divorce" that provided respondent would place the marital home on the market and further provided that a mutual restraining order was entered. In August of 2013, the family court entered an order *nunc pro tunc* amending the agreed final divorce decree clarifying that petitioner, not respondent, was to put the marital home on the market. That same month, the family court entered an order following a hearing on August 6, 2013, finding respondent in contempt of court for violating the restraining

1

order. The order allowed respondent to purge herself of contempt if she had no further contact with petitioner, directly or indirectly, for the next two years.

Respondent thereafter filed a petition for appeal to the circuit court in regard to the mutual restraining order, and after filing an amended petition, a hearing was held in the circuit court on September 27, 2013. In October of 2013, the circuit court entered an order affirming the family court's order *nunc pro tunc* and reversing the mutual restraining order.[1] It is from the circuit court's order reversing the family court's order, in part, that petitioner appeals.

We have previously established the following standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). Upon our review, we find no error in the circuit court reversing the family court's entry of a mutual restraining order. On appeal, petitioner alleges that the circuit court erred in applying West Virginia Code § 48-27-507 to his divorce action because he alleges that it only applies to domestic violence actions. The Court, however, does not agree, as petitioner's argument ignores the explicit interplay of the articles governing divorce and domestic violence prevention and treatment as found in Chapter 48 of the West Virginia Code.

Specifically, in addressing protective orders in the context of divorce proceedings, West Virginia Code § 48-5-509(b) states that "[a]ny order entered by the court to protect a party from abuse may grant any other relief authorized by the provisions of article twenty-seven of this chapter, if the party seeking the relief has established the grounds for that relief as required by the provisions of said article." West Virginia Code § 48-5-509(c) goes on to state that

> [t]he court, in its discretion, may enter a protective order, as provided in article twenty-seven of this chapter, as part of the final relief granted in a divorce action, either as a part of an order for temporary relief or as part of a separate order. Notwithstanding the provisions of section five hundred five of said article, a protective order entered pursuant to the provisions of this subsection shall remain in effect until a final order is entered in the divorce, unless otherwise ordered by the judge.

---

[1]The order also reversed the family court's order severing the parties' joint tenancy in the marital home. However, petitioner alleges no error with the circuit court's order in this regard and, as such, it is not subject to appeal.

As such, it is clear that mutual restraining orders, such as the one entered in the divorce proceeding below, are subject to the provisions of Article 27, Chapter 48 of the West Virginia Code.

West Virginia Code § 48-27-507 specifically states that "[m]utual protective orders are prohibited unless both parties have filed a petition under part 3 of this article and have proven the allegations of domestic violence by a preponderance of the evidence." In ruling on the mutual restraining order at issue, the circuit court specifically found that "allegations of abuse have not been proven by either party by a preponderance of the evidence." Instead, "[t]he record merely provides allegations of non-abusive contact by [respondent] such as a voice mail message to [petitioner] and attempted contact through a mutual colleague." As such, the circuit court overturned the mutual restraining order because West Virginia Code § 48-27-507 specifically prohibits the same in the absence of proof of abuse by a preponderance of the evidence.

While petitioner argues that contract principles should allow the parties in the instant divorce to agree to the mutual restraining order, the Court does not agree. That the parties agreed to the inclusion of a mutual restraining order in the final divorce decree does not supersede the prohibition against mutual restraining orders absent proof by a preponderance of the evidence as required by West Virginia Code § 48-27-507. As such, the Court finds no error in the circuit court's reversal of the mutual restraining order.

For the foregoing reasons, the circuit court's October 30, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II